484 So.2d 658 (1986)
In re Michael BURNS.
No. 86-KK-0368.
Supreme Court of Louisiana.
March 14, 1986.
Reconsideration Denied May 12, 1986.
PER CURIAM.
Michael Burns is a reporter for the Alexandria Daily Town Talk who was held in contempt of court and imprisoned for refusal to answer questions about the source of his information for an article which related the existence and details of a confession by a murder defendant.
The defendant invoked a hearing under R.S. 45:1453 for the purpose of revoking the reporter's privilege against compulsory identification of "any informant or any source of information obtained by him from another person while acting as a reporter" contained in R.S. 45:1452.[1]
*659 Upon motion of counsel for the murder defendant, over objection of counsel for Burns, the trial judge ordered the revocation hearing closed to the press and public, and ordered the record sealed. According to Burns, the judge would not permit argument or presentation of evidence on the validity of the closure of the hearing, nor did the judge articulate reasons on the record for the closure order. Since the record has been sealed, and the closure order remains in effect, there is no transcript of the hearing before this court. Accordingly, the following version of the hearing was gleaned from Burns' brief and the per curiam opinion of the trial judge.
At the hearing Burns refused to answer when counsel for the defendant questioned defendant whether his source for the story, listed in the article as "a courthouse source," was an individual employed by the clerk of court, asserting the reporter's privilege. The trial judge ruled that the privilege was inapplicable because the question did not call for Burns to reveal the identity of the source, but only information on the source's employment. On Burns' continued refusal to answer the question, the trial judge found him in contempt of court and ordered him imprisoned.
Because the trial judge determined that the reporter's privilege was inapplicable, he did not follow the procedures outlined in R.S. 45:1453 for revocation of the privilege. R.S. 45:1453 provides that an order for disclosure of a source should be made only after a determination that the revelation of the information is essential to the public interest, whereupon the reporter has the right to an appeal of the disclosure order without penalty of contempt and imprisonment.
The court of appeal, after an initial stay of Burns' contempt citation and sentence, denied writs, holding that the trial court was correct in ordering Burns to answer the question, and reinstated the trial court judgment.
The trial court erred in holding the reporter's privilege inapplicable and in failing to follow the statutory procedure for revocation of the privilege. R.S. 45:1452 includes within its protective scope not only the actual name of a confidential source of information, but any disclosure of information, such as place of employment, that would tend to identify him. Otherwise, through a series of indirect questions, the identity of the informant could be obtained without the need to ask for the informant's name directly, resulting in subversion of the reporter's privilege.
In order to revoke the privilege, a court must determine that disclosure of the information is essential to the public interest as a precondition to an order to the reporter to reveal his source. This order of revocation is appealable, and during the pendency of the appeal the privilege remains in effect. R.S. 45:1453. This statute gives reporters the right to appeal the ruling of the trial court without fear of a contempt conviction or imprisonment.
The trial court erred in failing to follow these statutory guidelines.
Although a remand to determine whether disclosure of a reporter's source is essential to the public interest might be required in some cases, the informant in this case voluntarily identified himself when he learned of the contempt proceedings. The judgment of the trial court is therefore vacated, and the conviction and sentence of Michael Burns are reversed.
WATSON, J., concurs since the informant has identified himself and the matter is therefore moot.
NOTES
[1] R.S. 45:1452 provides:

"Except as hereinafter provided, no reporter shall be compelled to disclose in any administrative, judicial or legislative proceedings or anywhere else the identity of any informant or any source of information obtained by him from another person while acting as a reporter."
R.S. 45:1453 provides:
"In any case where the reporter claims the privilege conferred by this Part, the persons or parties seeking the information may apply to the district court of the parish in which the reporter resides for an order to revoke the privilege. In the event the reporter does not reside within the state, the application shall be made to the district court of the parish where the hearing, action or proceeding in which the information is sought is pending. The application for such an order shall set forth in writing the reason why the disclosure is essential to the protection of the public interest and service of such application shall be made upon the reporter. The order shall be granted only when the court, after hearing the parties, shall find that the disclosure is essential to the public interest. Any such order shall be appealable under Article 2083 of the Louisiana Code of Civil Procedure. In case of any such appeal, the privilege set forth in R.S. 45:1452 shall remain in full force and effect during pendency of such appeal."